**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Janis Lynn Arviso, | ) | No. CV-09-01102-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| L.J. Leasing, Inc., an Arizona corporation, | ) ) | |
| Defendant. | ) ) ) | |

The court has before it defendant L.J. Leasing, Inc.'s motion for attorney's fees (doc. 37), plaintiff Janis Arviso's response (doc. 40), and defendant's reply (doc. 42).

**I**

In our Order of November 29, 2010, we granted summary judgment to defendant on plaintiff's claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, and the Arizona Civil Rights Act, ("ACRA"), A.R.S. § 41-1463 (doc. 34). A former clerk in defendant's billing department, plaintiff claimed that defendant selectively punished her for sending inappropriate emails because of her age, 60. At summary judgment, however, plaintiff did not establish a prima facie case by showing that defendant treated substantially younger employees more favorably and that she was similarly situated to these employees "in all material respects." Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006).

**II**

Defendant concedes that the ADEA does not provide for an award of attorney's fees to a prevailing defendant. Nevertheless, it contends that one is otherwise appropriate under our inherent power to sanction conduct in bad faith or tantamount to bad faith. See Primus Auto. Fin. Servs. Inc. v. Batarse, 115 F.3d 644, 648-49 (9th Cir. 1997). Moreover, defendant contends that an award of fees is warranted pursuant to A.R.S. § 41-1481(J) because plaintiff's ACRA claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Sees v. KTUC, Inc., 148 Ariz. 366, 369, 714 P.2d 859, 862 (Ct. App. 1985) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978)). With respect to plaintiff's ACRA claim, defendant also invokes A.R.S. § 12-341.01(C), which provides for an award of fees "upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and is not made in good faith." Defendant seeks an award of $12,159.70 representing approximately 92 hours of work.

As evidence of bad faith, defendant identifies plaintiff's counsel's reliance on written discovery instead of depositions of defendant's employees, delays in receiving responses to discovery requests in September and October 2009, and a motion for an extension of time on summary judgment. Defendant also asserts that plaintiff filed her claims for purposes of harassment because she did not complain about age discrimination to defendant and she did not corroborate her subjective allegations that she was discriminated against.

In response, plaintiff acknowledges that there were discovery delays and represents that they were due to plaintiff's counsel's illness, staff turnover, and plaintiff's move to Washington. Plaintiff also relies on a reasonable cause determination by the Equal Employment Opportunity Commission as evidence that her ACRA claim was not frivolous.

"Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132 (1991). Nothing in the record supports a finding of bad faith. The notion that plaintiff's motion for an extension of time, which we granted over defendant's vitriolic objection, would support

- 2 -

a finding of bad faith is simply perplexing. While discovery delays are unfortunate, they should be resolved with increased communication and professional courtesy, not unsupported accusations of bad faith.

We are also unpersuaded that plaintiff's ACRA claim was frivolous. Defendant argues that plaintiff failed to support her allegations, but it does not analyze them or the evidence that plaintiff presented on summary judgment. Contrary to defendant's suggestion, a discrimination claim does not lack foundation merely because an employee does not confront his employer before filing a charge. To be sure, plaintiff's claim was not strong. But we must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S. Ct. 694, 700 (1978) (developing the standard adopted in Sees). We deny defendant's motion for attorney's fees.

**IT IS THEREFORE ORDERED DENYING** defendant's motion for attorney's fees (doc. 37).

DATED this 2nd day of February, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge